■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC BRETTI, Appellant

That discussion, to which the court was not a party, was not placed on the record during the plea proceedings. Rather, the parties informed the court that the plea was induced only by a promise that defendant would receive a sentence of 12-½ to 25 years to run concurrently with the 20-year to life term imposed on the 1982 murder conviction. The court advised defendant that he would be entitled to withdraw his plea in the event that the court found itself unable to impose the agreed upon sentence.

At sentencing, the court indicated that it would impose the promised sentence. Defense counsel then referred to defendant's understanding that his sentence would relate back to 1980; otherwise, defendant would derive no real benefit from a concurrent sentence. The court noted that defendant's understanding had not been placed on the record, that the court was bound only by what had been placed on the record, and that the issue of relation back was for the Parole Board, not the court. Defendant then requested that he be permitted to withdraw his guilty plea. The court denied the request, imposed the promised sentence of 12-½ to 25 years and ordered that it run concurrently with that imposed on the 1982 murder conviction.

The court properly denied defendant's motion to withdraw his guilty plea. The court did not agree to the condition that defendant's conspiracy sentence would relate back to 1980. The only condition on the record was that the new sentence would run concurrently with the sentence imposed on the 1982 murder conviction. Because the court kept that promise, there was no ground for permitting defendant to withdraw his plea. If the authorities have failed to afford defendant credit for time served, defendant may challenge that determination

in a CPLR article 78 proceeding. (Appeal from Judgment of Oneida County Court, Buckley, J.—Conspiracy, 2nd Degree.) Present—Denman, P. J., Boomer, Green, Pine and Davis, JJ.